UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00562-FDW
(3:11-cr-00408-FDW-1)

| | |
|---|---|
| LAVANDUS HOUSTON, ) )    Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) )    Respondent. ) ) | <u>ORDER</u> |

**THIS MATTER** is before the Court upon Petitioner Lavandus Houston's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)

I.     BACKGROUND

On February 4, 2013, Houston entered a guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) (Count One). Acceptance and Entry of Guilty Plea, Doc. No. 129.[1] As part of Houston's plea agreement, the government dismissed another charge[2] and the parties agreed on the amount of controlled substance known to, or reasonably foreseeable by, Houston. Plea Agr. ¶ 7a, Doc. No. 128. The parties also agreed that the cross-reference to second-degree murder under United States Sentencing Guideline ("U.S.S.G.") § 2D1.l(d)(l) applied. Id. at ¶ 7c.

Prior to sentencing, a federal probation officer calculated Houston's adjusted offense level and criminal history category. Presentence Investigation Report ("PSR"), Doc. No. 167.

---

[1] Unless otherwise indicated, all docket references that are not in parentheses refer to documents in the underlying criminal action. Docket references in parentheses refer to documents in the instant habeas action.

[2] Houston was charged with using and carrying a firearm during and in relation to a drug trafficking crime, causing the death of a person through use of the firearm, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(l)(A), 924(j)(l), and 2 (Count 2). Superseding Indict., Doc. No. 115.

1

Houston's adjusted offense level was based on the quantity of drugs attributable to him, PSR ¶ 47 (citing U.S.S.G. §2D1.1 (2013)), the second-degree murder cross-reference, id. at ¶ 49 (citing U.S.S.G. §§ 2A1.2, 2D1.l(d)(l) (2013), and reductions for acceptance of responsibility, id. at ¶¶ 55-56 (citing §3E1.1 (2013)). The Court sentenced Petitioner to 210 months in prison, followed by a period of supervised release. J., Doc. No. 184. Judgment was entered on May 5, 2014. Id. The Fourth Circuit Court of Appeals dismissed Houston's direct appeal on March 4, 2015. Order, Doc. No. 225.

In the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255(f)(3), Houston asserts that under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactive to cases on collateral review, Welch v. United States, 136 S. Ct. 1257 (2016), he no longer qualifies as a career offender under the Sentencing Guidelines. (Mot. 2, Doc. No. 1.) He argues that the Court erred in enhancing his sentence under the career offender guidelines, and that his sentence violates the Due Process Clause of the United States Consitution. (Mot. 2.)

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id. After conducting its initial review, the Court finds that the claims presented in the Motion to Vacate can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In Johnson v. United States, the Supreme Court held that part of the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1).

Houston was not convicted of being a felon in possession of a firearm, in violation of § 922(g). Thus, his sentence was not enhanced under the ACCA. He contends, however, that the holding in Johnson extends to the Sentencing Guidelines, particularly career offender guidelines 4B1.1 and 4B1.2. (Mot. 2-3.) Under the career offender guidelines, a defendant's sentence may be increased if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

§ 4B1.1(a) (2013).

Houston's argument is foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court held that the Johnson decision does not apply to the advisory Sentencing Guidelines. Id.

Furthermore, contrary to his assertions, Houston was not sentenced as a career offender. Indeed, the probation officer determined that Houston was not eligible for a sentence enhancement under the career offender guidelines. PSR ¶ 54 ("Chapter Four Enhancement: None."). As noted, Houston's adjusted offense level was determined based upon the quantity of drugs attributable to him and a cross-reference to second degree murder. It was not adjusted in any way based upon Houston's prior criminal convictions. In short, the holding in Johnson has no bearing on Houston's sentence, and he is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Date Signed: September 7, 2017

Frank D. Whitney
Chief United States District Judge