UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-CR-00408-FDW-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | **ORDER** |
| LAVANDUS HOUSTON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's letter, which the Court construes as a pro se Motion for Compassionate Release, (Doc. No. 302). In his motion, Defendant identifies several medical conditions related to his eyes and impairments to his vision, and he argues for release so that he can get proper medical attention. Defendant also contends his co-defendants have been released from incarceration, and he provides examples of his rehabilitation, including his representation that he is "pretty much a model inmate, I work and stay out of trouble." (Doc. No. 302, p. 2). Defendant alludes to the fact he can live with his family and has plans for work upon release. (Id., p. 3).

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a district court may reduce a sentence through a motion for compassionate release. Id. § 3582(c)(1)(A). Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If the defendant has administratively exhausted a claim for release with the Bureau of Prisons, this Court analyzes the motion in two steps. First, the Court determines whether Defendant is eligible for a sentence reduction. A defendant is eligible if the

1

court finds "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330. Second, the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 331.

Here, Defendant's motion fails to set forth any sufficient reason for this Court to reduce his sentence. First, he has failed to demonstrate he has exhausted his administrative remedies. Second, Defendant fails to make sufficient argument as to what grounds exist to justify the sentence reduction under any provision of 18 U.S.C. § 3582(c)(1)(A). His general representations regarding his medical conditions, as well as his post-sentencing conduct and rehabilitation while incarcerated, are unsupported by any specificity or documentation. Under the current record, Defendant has not articulated "extraordinary and compelling reasons" to justify a reduction in his imposed term of imprisonment. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). Without sufficient argument or evidence to support his motion, the Court declines to exercise its discretion to reduce Defendant's term of imprisonment at this time and under this record. This ruling is WITHOUT PREJUDICE to Defendant's ability to file a new Motion for Compassionate Release that is supported by specific argument and evidence to allow the Court to consider the relief requested.

IT IS THEREFORE ORDEREED that Defendant's Motion for Compassionate Release, (Doc. No. 302), is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: May 4, 2023

*[Signature]*

Frank D. Whitney
United States District Judge